Dear Ms. Boher and Mr. Ponder:
We are in receipt of your request for an Attorney General's opinion on behalf of the City of Baton Rouge/Parish of East Baton Rouge Government, pursuant to Resolution No. 37496. You seek an opinion on the proper election dates for the Mayoral and Metropolitan Council Races in East Baton Rouge Parish in the Year 2000.
You have provided our office with a copy of Sections 2.02 and 4.01 of the City Plan of Government, which provides for the elections to be held at the same time as the congressional elections, as follows:
 The members of the Metropolitan Council shall thereafter be nominated and elected in 1984 and every fourth year thereafter at the same time as representatives in Congress of the United States and shall hold office for terms of four years from the first day of January following their election; . . . [Section 2.02]
 The Chief Executive Officer of the City and Parish shall be a Mayor-President who shall be elected by the qualified voters of the Parish at the same time and for the same terms as the members of the Metropolitan Council, . . . [Section 4.01]
The 1974 Louisiana Constitution provides in Article 6, Section 4 that every plan of government in existence in 1974 "[s]hall retain the powers, functions, and duties" "[e]xcept as inconsistent with this constitution." The City of Baton Rouge/Parish of East Baton Rouge Government has been in existence since 1949, and therefore, it has the power to provide for the powers, functions and duties of its government. Nevertheless, it is subject to the provisions of the 1974 Louisiana Constitution.
The 1974 Louisiana Constitution also provides in Article 11, Section 1 that "the legislature shall adopt an election code which shall provide for permanent registration of voters and for the conduct of all elections." In compliance with this constitutional mandate, the Legislature enacted Louisiana Acts 1976, No. 697, which became the current Election Code and is found in the Revised Statutes at La. R.S. 18:1 et seq.
The Louisiana Election Code is sui generis. However, one exception is applicable to home rule plans of government in certain instances. In R.S. 18:602(G), a legislative charter, home rule charter and/or home rule plan of government is exempt from the provisions on vacancies when their respective charters provide for the "filling of vacancies". Nevertheless, we have been and remain of the opinion that this exemption applies only to the procedure for filling the vacancy, but not to the actual date of the election, as the language of the statute is clear and limited to the "filling of vacancies" and the constitution mandates that the legislature provide for the conduct of all elections. [See, Atty.Gen.Op. No. 98-2] This is the only exception to this constitutional mandate.
Therefore, we are of the opinion in this matter that the constitution prevails over the local plan of government in the City of Baton Rouge/Parish of East Baton Rouge and the election for the offices of Mayor and Metropolitan Council are to be conducted in accordance with the Louisiana Election Code, R.S.18:1 et al. The "congressional elections" are set forth in R.S.18:402(B) as follows:
 (1) Congressional primary election shall be held on the first Saturday in October of an election year.
 (2) Congressional general elections shall be held on the first Tuesday after the first Monday in November of an election year.
The federal court order that you reference in your request, which you state requires these elections to be held on the federal election day (the first Tuesday after the first Monday in November) and the fifth Saturday after the first election (run-off), apply only to federal elections and not to state elections. In Love v. Foster, 147 F.3d 383 (5th Cir., 1998), the Court affirmed the District Court's decision setting dates for future congressional elections, holding that: (1) Louisiana's practice of holding, and in most instances deciding, congressional elections prior to the federally established uniform election day is in direct conflict with federal law, but the remainder of Louisiana's election code, including open primary system, is not in conflict with the Constitution or with any federal statute, and (2) unconstitutional provision is severable from the remainder of the legislation. La. R.S. 18:402, providing for the dates of "congressional elections" has not changed for state elections since the Love decision. Love
only affects federal congressional elections.
I hope this opinion addresses all of your concerns. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ANGIE ROGERS LAPLACE
Assistant Attorney General
RPI/ARL:cwr